UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

AMOS LEE MANNING,

Plaintiff,

v.                                                    CAUSE NO. 1:24-CV-453-GSL-JEM

TANISHA QUIROGA, et al.,

Defendants.

OPINION AND ORDER

Amos Lee Manning, a prisoner without a lawyer, filed a complaint against three defendants alleging he was subjected to unconstitutional conditions of confinement at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On May 6, 2024, Manning was booked into the Allen County Jail. ECF 1 at 3. When he arrived at the jail, Manning notified the medical staff that he was allergic to peas. *Id*. In light of his allergy, Tanisha Quiroga, a kitchen employee who worked for Trinity Services Group, the jail's food service contractor, placed him on a T.S.G. diet, which was similar to a diabetic diet. *Id*. Manning contacted Quiroga to let her know that

he did not need a special diet and was only allergic to peas. *Id*. Manning asserts that the T.S.G. meals had smaller portions, did not provide nourishment, and were unseasoned. *Id*. at 3, 5. However, Quiroga continued to send Manning T.S.G. meal trays. *Id*. at 3.

On June 3, 2024, Manning moved to cell 6229. *Id*. He alleges that he did not have adequate drinking water in cell 6229 because the sink's water pressure was very low. *Id*. Also, during the same period, the water fountains in the dayroom did not work. *Id*. Because there was a shortage of water, Quiroga sent five gallon water jugs to Block 6B during tray pass. *Id*. However, Manning asserts that, on several occasions, Quiroga neglected to send the water jugs. *Id*.

In June, Manning also submitted a maintenance request to have the water pressure in his sink repaired. *Id*. at 4. An officer told him a request to repair the dayroom water fountains had been submitted but the repairs were never made. *Id*. Manning filed a grievance about the low water pressure in his sink, but it was not repaired until three months later in September 2024. *Id*. He asserts he often felt dehydrated before his sink was repaired. *Id*.

During this period, Manning asserts that he continued to receive T.S.G. meal trays from Quiroga. *Id*. He states the T.S.G. meal trays occasionally contained peas on those days when peas were being served at the jail. *Id*. Manning contends that Quiroga knowingly included peas in his T.S.G. trays in retaliation for filing grievances. *Id*.

Manning next contends the medical staff notified Quiroga that he should be given regular meal trays, not T.S.G. trays. *Id*. He also states the first shift commander refused to help him obtain regular meals and advised him to contact the kitchen staff.

2

*Id*. The second shift commander spoke with the kitchen staff, but the issue was not resolved. *Id*. at 4-5.

From May through October 2024, Manning sent requests to Trinity Service Group about his meals. *Id*. at 5. Quiroga, who responded to his last three requests, indicated that she had only recently been "able to get back into her computer system [to] check inmates requests." *Id*. Manning, however, asserts that she answered other requests before answering his request and retaliated against him by not responding to his requests. *Id*. He seeks monetary damages and injunctive relief for the alleged violations.[1] *Id*. at 6.

Because Manning was a pretrial detainee when the events occurred in this case, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). But the Fourteenth Amendment "prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). Inmates must be provided with "the minimal civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). They must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

---

[1] Manning's request for preliminary and permanent injunctions is moot because he is currently housed at Correctional Industrial Facility, not Allen County Jail.

A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly" with respect to those conditions, and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

Manning is suing three defendants in this case. He initially sues Quiroga because she served him T.S.G. meals, not regular meals. However, Manning does not allege he was harmed by the T.S.G. meals or that he was deprived of any meals. Rather, he complains the meals had smaller portions, did not provide him with nourishment, and were unseasoned. Prisoners do not have a constitutional right to "food that is tasty or even appetizing," *Williams v. Berge*, 102 Fed. Appx. 506, 507 (7th Cir. 2004). The court cannot plausibly infer from allegations in the complaint that Manning was not provided with adequate nutritional meals and calories for his weight and level of activity.

4

Manning has also sued Quiroga because she allegedly neglected to send five gallon water jugs to Block 6B on several occasions when the dayroom water fountains were not working. However, Mannings's allegations amount to negligence on the part of Quiroga and do not state a Fourteenth Amendment claim.

Manning further asserts that Quiroga occasionally served him peas in his meal trays in retaliation for filing requests and grievances. To state a claim under the First Amendment, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citation and internal quotation marks omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). Although Manning has adequately alleged he engaged in protected activity—by filing grievances about his meals—the court cannot plausibly infer that Quiroga occasionally served him peas in retaliation for filing grievances.

Next, Manning has sued Jail Commander Tommy Wacasey. He asserts he was responsible for reviewing inmate grievances but failed to implement corrective action to resolve his issues. However, Manning has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, Manning may not proceed against Jail Commander Wacasey.

As a final matter, Manning has sued Trinity Service Group, the private company that provides food services at the jail. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Trinity Service Group cannot be held liable for a constitutional violation solely because it employs food staff at the jail. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must identify an official policy or custom that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Manning's complaint does not state a Monell claim because it does not plausibly allege a policy, practice, or custom or that Trinity Service Group caused his rights to be violated. He may not proceed here.

This complaint does not state a claim for which relief can be granted. If Manning believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil

cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Amos Lee Manning until **July 10, 2026**, to file an amended complaint; and

(2) CAUTIONS Amos Lee Manning that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 10, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

7