UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMOS LEE MANNING,<br><br>Plaintiff,<br><br>v.<br><br>TANISHA QUIROGA,<br><br>Defendant. | CAUSE NO. 1:24-CV-453-GSL-JEM |

OPINION AND ORDER

Amos Lee Manning, a prisoner without a lawyer, filed an amended complaint against Tanisha Quiroga alleging that she violated his constitutional rights by serving him meals containing peas while he was housed at the Allen County Jail. ECF 22. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Manning alleges essentially the same facts as he did in his original complaint. In May 2024, Manning was booked into the Allen County Jail. ECF 22 at 3. When he arrived at the jail, Manning informed the medical staff that he was allergic to peas. *Id*. He states his medical records documenting his allergy have been in

the jail's system since 1998. *Id*. Although he was allergic to peas, Manning alleges that Tanisha Quiroga, a kitchen employee who worked for Trinity Services Group, the jail's food service contractor, prepared and served him meals containing peas from May 6, 2024 through August 20, 2024. *Id*. He also asserts that, during this time period, he was refused lunch on one occasion because he complained about peas being served on his meal tray. *Id*.

Manning asserts that, in May 2024, he filed grievances because peas were being served in his meals. *Id*. He states that, after he filed grievances, the kitchen staff replaced his regular meals with T.S.G. meals, which are similar to diabetic meals, but contained smaller portions than regular meals. *Id*. at 3-4. Although he was placed on a T.S.G. diet, Manning asserts his meal trays occasionally contained peas. *Id*. at 4. He asserts the medical staff previously notified the kitchen staff that he was only allergic to peas and should receive regular meals with a substitution for peas. *Id*. However, Manning avers that Quiroga refused to serve him regular meals with a substitution for peas and, as a result, she violated his constitutional rights.

Because Manning was a pretrial detainee when the events occurred in this case, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). But the Fourteenth Amendment "prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). Inmates must be provided with "the minimal

civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). They must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly" with respect to those conditions, and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

In this case, Manning has sued Quiroga alleging that she put his health at risk by serving him meals with peas. ECF 22 at 3. However, Manning does not allege that he was harmed by the meals. He also asserts that Quiroga served him T.S.G. meals even though she was notified by medical staff that he should be given regular meals with a substitution for peas. Here, Manning avers that the T.S.G. meals did not provide him

with appropriate nourishment because they had smaller portions, were not tasty, and occasionally contained peas. Manning does not allege that the smaller portions harmed him. As noted by the court in its original screening order, Manning does not have a constitutional right to "food that is tasty or even appetizing," *Williams v. Berge*, 102 Fed. Appx. 506, 507 (7th Cir. 2004). As such, the court concludes here as it did in its original screening order that Manning has not plausibly alleged he was not provided with adequate nutritional meals and calories for his weight and level of activity. *See* ECF 18 at 4.

Furthermore, to the extent Manning alleges he was refused a lunch tray on one occasion, missing one meal does not amount to a constitutional violation. *Peace v. Strahota*, No. 14-CV-1608, 2015 WL 3853031, at *4 (E.D. Wis. June 22, 2025); *see also Woods v. Schmeltz*, 2014 WL 4947340, at *1 (C.D. Ill. Oct. 2, 2014) (denial of one lunch tray did not state a claim). In sum, Manning's allegations against Quiroga amount to negligence and do not state a Fourteenth Amendment claim.

Next, Manning asserts Quiroga engaged in retaliatory tactics after the medical staff notified her that he was to receive regular meals. ECF 22 at 4. Here, he asserts his regular meals were replaced with T.S.G. meals and occasionally contained peas because he filed grievances. *Id*. at 3-4. To state a claim under the First Amendment, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir.

2020) (citation and internal quotation marks omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

In screening the original complaint, the court noted that, while Manning had engaged in protected activity when he filed grievances, the court could not plausibly infer that Quiroga occasionally served him peas in retaliation for filing grievances. *See* ECF 18 at 5. Manning allegations in his amended complaint fare no better. He alleges only that kitchen staff responded to his grievances by placing him on T.S.G. meals that he found to be less desirable and that still occasionally contained peas. Manning has not alleged facts from which is can plausibly be inferred that he was served T.S.G. meals in retaliation for filing grievances. Rather, Manning's allegations against Quiroga suggest, at most, negligence on her part and do not state a First Amendment claim.

Next, Manning asserts that his rights under the Fourteenth Amendment were violated because Allen County Jail staff failed to address his grievances in a timely manner and resolve his complaints. ECF 22 at 4. Manning avers that he filed grievances from May 2024 through October 2024, concerning his meal situation. *Id*. Manning did not name any defendant who failed to address his grievances adequately, but even if he had, he could not proceed on this claim. As the court previously explained (*see* ECF 18 at 5), Manning has no constitutional right to access the grievance process. See *Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

As a final matter, Manning raises allegations against the Allen County Jail. ECF 22 at 2. Manning did not name the jail as a defendant, but even if he had, he could not proceed. The jail is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because the Allen County Jail is not a suable entity, Manning may not proceed here. Furthermore, these allegations are not related to his allegations against Quiroga. "[U]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Here, the amended complaint is Manning's second attempt to state his claims and it contains the same basic deficiencies as the original complaint. Therefore, Manning will not be permitted to file a second amended complaint.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on October 5, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT